UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRACY N. JACKSON,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CHEVRON CORPORATION LONG-TERM DISABILITY ORGANIZATION, INC.,** a Delaware Corporation, **CHEVRON CORPORATION,** a Delaware Corporation, and **CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND ITS CIGNA GROUP INSURANCE,** John Does 1-10, and Mary Does 1-10,<br><br>    **Defendants.** | 05-CV-3590 (WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Robert Thomas Pickett
15 Village Plaza
Suite 1C
South Orange, NJ 07079

    (*Attorney for Plaintiff*)

Jeffrey S. Leonard
Budd Larrner
150 John F. Kennedy Parkway
Short Hill, NJ 07078

Frederick A. Brodie
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

    (*Attorneys for Defendants*)

**MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion to dismiss is **GRANTED** as to Count I, but **DENIED** as to Counts II-V.

**I.    Background**

Plaintiff Tracy N. Jackson ("Jackson") worked as a refinery process technician for Defendant Chevron Corporation from October 29, 1990 to February 24, 1994. (Amend. Compl. ¶ 6). As a full-time employee, Jackson was entitled to long-term disability benefits under the Chevron Corporation Long-Term Disability Plan (the "LTD Plan"). (Amend. Compl. ¶ 10). On or about March 28, 1994, Defendants determined that Jackson was disabled and entitled to long-term disability benefits.[1] (Amend. Compl. ¶ 12).

On July 19, 1999, Defendants notified Jackson that she no longer fell within the definition of "total disability" under the LTD Plan and, therefore, was not entitled to benefits beyond July 22, 1999. (Amend. Compl. ¶ 13). Jackson appealed this decision. (Amend. Compl. ¶ 13). After Defendants denied her appeal, she filed suit in this Court on July 19, 2005. (*See* Amend. Compl. ¶ 16).

Jackson's Amended Complaint contains three counts.[2] Count I alleges that Defendants breached their ERISA fiduciary duties under 29 U.S.C. § 1132(a)(2) and requests $75,000.00 in

---

[1]The "Defendants" include Chevron Corporation, Chevron Corporation Long-Term Disability Plan, Inc., Connecticut General Life Insurance Company, CIGNA Group Insurance and various unnamed individuals and corporate entities.

[2]Jackson amended her complaint on November 18, 2005.

1

damages.  (Amend. Compl. ¶¶ 20, 21).  Count II alleges a claim for ERISA benefits under 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3).  (Amend. Compl. ¶¶ 22).  Count III also alleges a claim for ERISA benefits under § 1132(a)(1)(B).  (*See* Amend. Compl. ¶¶ 28-32).  Count IV seeks unspecified damages for Defendants breach of their fiduciary duties under "Part 4 of Title I of ERISA," 29 U.S.C. §§ 1101-1114.  (*See* Amend. Compl. ¶¶ 34-35).  Finally, Count V alleges that Defendants violated 29 U.S.C. §§ 1024(b), 1025(b) by failing to provide claims information and materials requested by Plaintiff on a timely basis.  (Amend. Compl. ¶ 37).

Defendants filed a motion to dismiss Jackson's Amended Complaint.  In their motion, Defendants argue that: (1) Counts I and IV must be dismissed because an individual plaintiff cannot obtain monetary damages based on an alleged breach of fiduciary duty under ERISA; (2) Counts I and IV are untimely; (3) Counts II and III are also untimely; and (4) Count V fails to state a claim upon which relief can be granted.

**II.     Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which

could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

### III. Discussion

#### A. Count I Must be Dismissed Because an Individual Plaintiff Cannot State a Claim for Monetary Damages Under § 1132(a)(2).

Defendants argue that Count I must be dismissed because an individual plaintiff cannot state a claim for monetary damages under § 1132(a)(2) of ERISA.[3] Defendants are correct. It is well-established that where a plaintiff seeks to recover benefits allegedly owed to them in their individual capacities, their action is not authorized under § 1132(a)(2). *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) ("[T]he entire text of [§ 1109] persuades us that Congress did not intend that section to authorize any relief *except for the plan itself*.") (emphasis added); *see also Hozier v. Midwest Fasteners Inc.*, 908 F.2d 155, 1162 n.7 (3d Cir. 1990) ("Because plaintiffs here seek to recover benefits allegedly owed to them in their individual capacities, their action is plainly not authorized by either § [1109] or § [1132](a)(2).").

---

[3]Section 1132(a)(2) provides:

> A civil action may be brought ... by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title.

29 U.S.C. § 1132(a)(2). Section 1109 provides, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach....

29 U.S.C. § 1109(a).

3

Accordingly, Count I must be dismissed.

### B. Count IV Must Not be Dismissed Because Individual Relief May be Available Under 29 U.S.C. § 1132(a)(3).

Defendants argue that Count IV must also be dismissed because it constitutes an individual claim for damages based upon an alleged breach of fiduciary duty under § 1132(a)(2). Count IV, however, does not specifically rely on § 1132(a)(2). Instead, it alleges that Defendants breached their fiduciary duties under "Part 4 of Title 1 of ERISA" (*see* Amend. Compl. ¶ 34), which contains all of the provisions regarding fiduciary duties. *See* 29 U.S.C. §§ 1101-1114. Furthermore, unlike Count I, Count IV does not request any monetary damages.

The Supreme Court has held that a beneficiary who is denied benefits under an ERISA plan may seek equitable restitution under § 1132(a)(3)(B) for a breach of fiduciary duty.[4] *See Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 213 (2002) (noting that equitable restitution is available to a plaintiff under § 1132(a)(3)(B)); *Michaels v. Breedlove,* No. 03-4891, 2004 U.S. App. LEXIS 25165, at *5-6 (3d Cir. Dec. 8, 2004) (same); *Fox v. Herzog*, No. 01-1827, 2005 U.S. Dist. LEXIS 36414, *9 (D.N.J. Dec. 27, 2005) (same). Since Count IV seeks relief under Part IV of Title I of ERISA, which contains § 1132(a)(3)(B), we cannot hold that Plaintiff impermissibly requested individual relief under § 1132(a)(2).[5] Accordingly, since

---

[4]Section 1132(a)(3)(B) provides:

> A civil action may be brought ... by a participant, beneficiary, or fiduciary ... to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)(B).

[5]Furthermore, that Jackson's complaint does not expressly request "equitable restitution" is not fatal to her claim. Her Amended Complaint specifically requests "[s]uch other and further

Defendants' may be entitled to relief under § 1132(a)(3)(B), we will not dismiss Count IV for failure to state a claim.

      **C.    Defendants' Motion to Dismiss Counts I and IV as Barred Under the Appropriate Statute of Limitations is Also Denied.**

Defendants also moved to dismiss Counts I and IV as untimely. The statute of limitations for a breach of fiduciary duty claim is found in 29 U.S.C. § 1113. Under this statute, a claim for a breach of fiduciary duty must be brought:

> (1) six years after ... the date of the last action which constituted a part of the breach or violation, ... [or]
>
> (2) three years after the earliest date on which the plaintiff had *actual knowledge* of the breach or violation....

29 U.S.C. § 1113(1)-(2) (emphasis added). Defendants argue that Jackson's breach of fiduciary duty claims are untimely under § 1113(2) because she possessed actual knowledge of such claims more than three years before she filed suit on July 19, 2005.

"Section 1113 sets a 'high standard' for barring claims against fiduciaries prior to the expiration of the six year limitations period and thus [courts] have interpreted the actual knowledge requirement 'stringently.'" *Richard B. Roush, Inc. Profit Sharing Plan*, 311 F.3d 582, 587 (3d Cir. 2002) (quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1176 (3d Cir. 1992)). A two-prong test is used to determine whether a plaintiff possesses "actual knowledge" under § 1113(2), requiring a "showing that plaintiffs knew not only of the events that occurred which constituted the breach or violation but also that those events supported a breach of fiduciary duty or violation

---

relief under ERISA as this Court may deem appropriate under the circumstances (*See* Amend. Compl. ¶ 37 *et seq.*)." *See* Fed. R. Civ. P. 8(f) (mandating construction of pleadings to do "substantial justice")

5

under ERISA." *Int'l Union of Elec., Elec., Salaried, Mach. and Furniture Workers v. Murata Erie N. Am.*, 980 F.2d 889, 900 (3d Cir. 1992); *see also Richard B. Roush, Inc. Profit Sharing Plan*, 311 F.3d at 585 (citing *Gluck*, 960 F.2d at 1177). Because the statute of limitations is an affirmative defense, the burden of proving that the statute of limitations bars Jackson's claims rests with Defendants. *Richard B. Roush, Inc. Profit Sharing Plan*, 311 F.3d at 585.

Since this matter was brought before the Court on a motion to dismiss, we are constrained in reviewing the record. Based upon Jackson's complaint, the exhibits attached to her complaint, and the documents referenced in her claims, we cannot discern what Jackson "knew and when" regarding Defendants' alleged breaches of fiduciary duty. *Gluck*, 960 F.2d at 1171. While it is clear that Jackson allegedly knew of the harmful consequences of Defendants' alleged breaches, and allegedly suffered actual harm, it is unclear at this stage of the proceedings whether Jackson was aware that the facts supported a cause of action under ERISA. This question is more appropriate for a motion for summary judgment. As such, it would be premature for the Court to dismiss Jackson's breach of fiduciary duty claims as time-barred.

**C.     Counts II and III Must Not be Dismissed as Untimely.**

Defendants also argue that Counts II and III, which contain claims for ERISA benefits under 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), are barred under the applicable statute of limitations. The statute of limitations for such claims is the relevant statute of limitations governing contract actions. *See Minnis v. Baldwin Bros.*, 150 Fed. Appx. 118, 120 (3d Cir. 2005); *Syed v. Hercules Inc.*, 214 F.3d 155, 159 (3d Cir. 2000). The parties dispute, though, which state statute of limitations controls. Jackson argues that New Jersey's six-year statute of limitations for contract actions applies, thus making her complaint timely. Defendants, however,

argue that California's four-year statute of limitations for contract actions governs, thereby resulting in Jackson's complaint being untimely.

Since the statute of limitations of a state other than the forum state is implicated in this case, federal choice of law principles govern which statute of limitations applies. *Gluck*, 960 F.2d at 1179. Federal courts have relied on the Restatement (Second) of Conflict of Laws (the "Restatement") as a source of federal common law choice of law principles. *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352 (D. Del. 1993); *S.E.C. v. Infinity Group Co.*, 27 F. Supp. 2d 559, 555 (E.D. Pa. 1998).[6] Section 142(2) of the Restatement provides:

> The forum will apply its own statute of limitations permitting a claim unless:
> (a) maintenance of the claim would serve no substantial interest of the forum; and
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142(2). When determining whether one state has a "more significant relationship to the parties and the occurrence" than another, a court must review: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *See* Restatement (Second) of Conflict of Laws § 188(2).

We cannot undertake a review of these factors at this time. "A Court may grant a Rule

---

[6] The LTD Plan contains a provision stating that the contract is governed by California law. However, we note that "[c]hoice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express." *Gluck*, 960 F.2d at 1179 (citations omitted). No mention, however, is made in the clause dictating the application of California's statute of limitations. Accordingly, the choice of law clause is not controlling.

12(b)(6) motion based on statute of limitations grounds [only] if the complaint *on its face* shows noncompliance with the limitations period." *Viking Commc'ns , Inc. v. AT&T Corp.*, No. 05-1078, 2005 U.S. Dist. LEXIS 24175, at *20 (D.N.J. Oct. 14, 2005) (emphasis added); *see also Brody v. Hankin*, 145 Fed. Appx. 78, 771-72 (3d Cir. 2005) ("'[I]f a statute of limitations 'bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of a complaint under Rule 12(b)(6).''") (quoting *Ryocline Prods. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citation omitted)); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (noting that a complaint may be dismissed pursuant to Rule 12(b)(6) on statute of limitations grounds if the untimeliness of the complaint is apparent on its face). The Court clearly would have to view documents outside the complaint, including documents not mentioned in or attached to Jackson's complaint, to determine whether California's or New Jersey's statute of limitation applies to this case. Undertaking such a review would be inappropriate on a motion to dismiss. *See Brody*, 145 Fed. Appx. at 772. Therefore, Defendants' motion to dismiss Counts II and III as untimely will be denied.

   **D.**  **Defendants Motion to Dismiss Count V is Denied.**

Finally, Defendants argue that Count V, which alleges that Defendants violated § 1024(b) and § 1025(a) by "fail[ing] and refus[ing] to provide the claims information requested by Plaintiff on a timely basis," does not state a claim upon which relief may be granted. (Amend. Compl. ¶ 37). In particular, Defendants argue that Jackson improperly pleaded these claims, since § 1024(b) and § 1025(a) require the participant or beneficiary to have requested those documents in writing. *See* 29 U.S.C. § 1024(b)(4) ("The administrator shall, *upon written request* of any participant or beneficiary, furnish a copy of the latest updated summary, plan

description, and the latest annual report....") (emphasis added); 29 U.S.C. § 1025(a) ("Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary *who so requests in writing* a statement indicating....") (emphasis added).

Defendants' motion to dismiss Count V will be denied. Count V clearly alleges that Jackson "requested" the claims information stated under § 1024(b) and § 1025(a). Dismissing Count V based solely on the lack of the word "written" in her complaint would unduly exalt form over substance and run counter to the long-standing principle that "[c]overage under ERISA is construed liberally to provide the maximum degree of protection to working men and women covered by private retirement programs." *Colarusso v. Transcapital Fiscal Sys.*, 227 F. Supp. 2d 243, 251 (D.N.J. 2002).

**IV.     Conclusion**

For the foregoing reasons, Defendants motion to dismiss Count I is **GRANTED**, Defendants' motion to dismiss Count II is **DENIED**, Defendants' motion to dismiss Count III is **DENIED**, Defendants' motion to dismiss Count IV is **DENIED**, and Defendants' motion to dismiss Count V is **DENIED**.

Dated:   January 30, 2006                                          s/ William J. Martini
                                                                   **William J. Martini, U.S.D.J.**